**CIRCUIT COURT OF ARLINGTON COUNTY**

Betty Edwards

v.

Arlington Hospital Association
and Evelyn Vardeman

April 17, 1991

Case No. (Law) 90-1254

By JUDGE THOMAS R. MONROE

This matter came before the court on defendants' Demurrer.

Defendants have demurred to plaintiff's defamation claim (Count I) and to plaintiff's second count, that of intentional infliction of emotional distress. The statement at issue was written by Evelyn Vardeman, head nurse at defendant hospital, in the "Communications Book" at the hospital in reference to plaintiff's removal from the P.R.N. register. The notice stated:

> Betty Smith Edwards has currently been dropped from the P.R.N. pool *due to issues in regard to reliability.* Staff are not authorized to discuss this officially with Betty outside the hospital, refer her to Mike Malone in personnel. *Phil Gaffney has spoken to her. Kim spoke to her in the past, and I have talked to her on this issue.* Thank you and we will be discussing this further as a staff in a staff meeting, i.e. parameters of the P.R.N. pool. (Plaintiff's Response at 2-3).

Defendant asserts that this statement was an expression of opinion and is therefore protected by the First Amendment

to the United States Constitution. The Fourth Circuit has adopted a four factor analysis for determining whether a statement is an opinion:

> To identify an opinion, a trial judge should (1) consider the author or speaker's choice of words; (2) decide whether the challenged statement is "capable of being objectively characterized as true or false;" (3) examine the context of the challenged statement within the writing or speech as a whole; and (4) consider "the broader social context into which the statement fits." *Potomac Valve v. Crawford Fitting*, 829 F.2d 1280, 1287-88 (4th Cir. 1987).

In light of the four factor analysis, this court makes the determination that defendant's statement was not an expression of opinion but a statement of fact. Defendant's notice may be characterized as a recital of fact because she states only the hospital's actions taken and future actions to be taken. Nothing in the facts here, in light of the four factor analysis, indicates that the statement was an opinion; Ms. Vardeman merely outlined the hospital's actions, its policy in regard to plaintiff, and future actions to be taken. In addition, the statement was written in a book provided by the hospital, where such notices were to be written, and furthermore, the statement is subject to verification. Therefore, defendants' demurrer to Count I is overruled.

In Virginia to establish intentional infliction of emotional distress, plaintiff must show four elements:

> One, the wrongdoer's conduct was intentional or reckless . . . Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality . . . Three, there was a causal connection between the wrongdoer's conduct and the emotional distress . . . Four, the emotional distress was severe. *Womack v. Eldridge*, 215 Va. 338, 342 (1974).

At the demurrer stage, the trial court's consideration of the legal sufficiency of the Motion for Judgment must be confined to the facts alleged in the pleadings. Here, plaintiff's intentional infliction of emotional distress claim is legally insufficient. Plaintiff fails to properly plead the four necessary elements. Defendants' demurrer to Count II is sustained.